


PennyMac®

P.O. Box 514387
Los Angeles, CA 90051-4387

MICHAEL SALAT

39 NORTHPARK DRIVE
LEVITTOWN, PENNSYLVANIA 19054

**Notice Date:** SEPTEMBER 23, 2020

**Loan Number:** 8-4614568

**Property Address:** 39 NORTHPARK DRIVE
LEVITTOWN, PENNSYLVANIA 19054

## REGARDING YOUR LOAN

The enclosed package provides you with information regarding the final terms of your pending loan modification. **However, you must also complete your Trial Plan.**

## WHY YOU RECEIVED THIS NOTICE

Before we permanently modify your loan, you must first complete the actions listed below.

## ACTION REQUIRED

- **Continue to make your trial payments as outlined in your Trial Plan. If the trial payments are not made within the month in which they are due or if they are made in amounts different from the amount required, your loan may NOT be modified. You are due for** NOVEMBER 1, 2020 **payment in the amount of $** 1,820.61 .
- Review the enclosed Modification Agreement that explains your new modified loan terms and send a signed, notarized copy back to us in the enclosed, pre-paid envelope as soon as possible to avoid delays in processing. **Expiration Date is** OCTOBER 15, 2020 .

Please also keep in mind that:

- **Your new modified loan payment will become permanent only upon the successful completion of your Trial Plan** and our receipt of your signed, notarized Modification Agreement.
- Once your modification becomes effective, your loan will be permanently modified, starting with your first, post-modification payment.

| **Toll Free: (866) 629-4570** | **Website: www.PennyMacUSA.com** | **Payments:** | **Correspondence:** |
|---|---|---|---|
| M - F 6:00 AM - 6:00 PM PT<br>SAT. 7:00 AM - 11:00 AM PT<br>Modification Fax: (800) 947-1421 | **Secure Messaging Online:**<br>Create an account and/or log in to **http://www.PennyMacUSA.com,** then look for the Secured Message Center to communicate with us securely. **Once logged in, visit the "Modification Center" to view important documentations.** | **Standard Address:**<br>P.O. Box 30597<br>Los Angeles, CA 90030-0597<br>**Overnight Address:**<br>Attn: Lockbox Operations<br>POB 30597<br>20500 Belshaw Ave.<br>Carson, CA 90746<br>**(Please do not send correspondence)** | Attn: Correspondence Unit<br>P.O. Box 514387<br>Los Angeles, CA<br>90051-4387<br>**(Please do not send payments)** |

## QUESTIONS? CONTACT US

Should you have questions or would like to discuss the information contained in this letter, please call me at (866) 629-4570, Monday-Friday between the hours of 8:00 a.m. - 5:00 p.m. Pacific Time.

Jeanne Lopez
PennyMac Loan Services, LLC

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

**NEW YORK** - If a creditor or debt collector receives a money judgment against you in court, state and federal laws prevent the following types of income from being taken to pay the debt: 1) Supplemental security income (SSI); 2) Social security; 3) Public assistance (welfare); 4) Spousal support, maintenance (alimony) or child support; 5) Unemployment benefits; 6) Disability benefits; 7) Workers' compensation benefits; 8) Public or private pensions; 9) Veterans' benefits; 10) Federal student loans, federal student grants, and federal work study funds; and 11) Ninety percent of your wages or salary earned in the last sixty days.

**OREGON** - Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call (866) 814-9710 or visit **http://dfr.oregon.gov.**

***This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose. However, if your account is subject to pending bankruptcy proceedings or if you have received a discharge in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt against you personally.***

**Licensing Information**




Equal Housing Opportunity © 2008-2018 PennyMac Loan Services, LLC, 3043 Townsgate Rd., Suite 200, Westlake Village, CA 91361, 818-224-7442. NMLS ID # 35953 (www.nmlsconsumeraccess.org). Trade/service marks are the property of PennyMac Loan Services, LLC and/or its subsidiaries or affiliates. Arizona Mortgage Banker License # 0911088. Licensed by the Department of Business Oversight under the California Residential Mortgage Lending Act. Colorado: Regulated by the Division of Real Estate. Colorado office: 700 17th St., Suite 200, Denver, CO 80202, (866) 436-4766. Georgia Residential Mortgage Licensee #33027. Illinois Residential Mortgage Licensee # MB.6760595. Massachusetts Mortgage Lender License # ML35953. Minnesota: This is not an offer to enter into an agreement and an offer may only be made pursuant to Minn. Stat. §47.206 (3) & (4). Licensed by the N.J. Department of Banking and Insurance. North Carolina Permit No. 104753, 112228, 112874, 112877. Rhode Island Lender License # 20092600LL. Washington Consumer Loan License # CL-35953. For more information, please visit www.pennymacusa.com/state-licenses. Loans not available in New York. Some products may not be available in all states. Information, rates and pricing are subject to change without prior notice at the sole discretion of PennyMac Loan Services, LLC. All loan programs subject to borrowers meeting appropriate underwriting conditions. This is not a commitment to lend. Other restrictions apply. All rights reserved. (05-2018)



P.O. Box 514387
Los Angeles, CA 90051-4387

**Notice Date:** SEPTEMBER 23, 2020

**Loan Number:** 8-4614568

**Property Address:**
39 NORTHPARK DRIVE
LEVITTOWN, PENNSYLVANIA 19054

MICHAEL SALAT

39 NORTHPARK DRIVE
LEVITTOWN, PENNSYLVANIA 19054

## REGARDING YOUR LOAN

Congratulations! You have been approved for a loan modification. A Modification Agreement is enclosed with this letter.

## ACTION REQUIRED

Please review the enclosed Modification Agreement and return the signed, notarized agreement by the first payment due date NOVEMBER 1, 2020 on your enclosed agreement to complete the modification process.

## IMPORTANT INFORMATION

We must receive the executed Modification Agreement on or before the first payment due date or your loan **MAY NOT** be permanently modified.

## QUESTIONS? CONTACT US

Should you have questions or would like to discuss the information contained in this letter, please call me at (866) 629-4570, Monday-Friday between the hours of 8:00 a.m. - 5:00 p.m. Pacific Time.

Jeanne Lopez

PennyMac Loan Services, LLC

| **Toll Free: (866) 629-4570** | **Website: www.PennyMacUSA.com** | **Payments:** | **Correspondence:** |
|---|---|---|---|
| M - F 6:00 a.m. - 6:00 p.m. PT<br>SAT 7:00 - 11:00 a.m. PT<br>Modification Fax: (800) 947-1421 | Secure Messaging Online: Create an account and/or log in to http://www.PennyMacUSA.com, then look for the Message Center to communicate with us securely. Once logged in, visit the **"Modification Center" to view important documentations.** | **Standard Address:**<br>P.O. Box 30597<br>Los Angeles, CA 90030-0597<br>**Overnight Address:**<br>Attn: Lockbox Operations<br>POB 30597<br>20500 Belshaw Ave.<br>Carson, CA 90746<br>**(Please do not send correspondence)** | Attn: Correspondence Unit<br>P.O. Box 514387<br>Los Angeles, CA<br>90051-4387<br>**(Please do not send payments)** |

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

**NEW YORK** - If a creditor or debt collector receives a money judgment against you in court, state and federal laws prevent the following types of income from being taken to pay the debt: 1) Supplemental security income (SSI); 2) Social security; 3) Public assistance (welfare); 4) Spousal support, maintenance (alimony) or child support; 5) Unemployment benefits; 6) Disability benefits; 7) Workers' compensation benefits; 8) Public or private pensions; 9) Veterans' benefits; 10) Federal student loans, federal student grants, and federal work study funds; and 11) Ninety percent of your wages or salary earned in the last sixty days.

**OREGON** - Residential mortgage loan servicers are regulated by the Oregon Division of Financial Regulation. To file a complaint, call (866) 814-9710 or visit http://dfr.oregon.gov.

***This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose. However, if your account is subject to pending bankruptcy proceedings or if you have received a discharge in bankruptcy, this statement is for informational purposes only and is not an attempt to collect a debt against you personally.***

## Licensing Information




Equal Housing Opportunity © 2008-2018 PennyMac Loan Services, LLC, 3043 Townsgate Rd., Suite 200, Westlake Village, CA 91361, 818-224-7442. NMLS ID #35953 (www.nmlsconsumeraccess.org). Trade/service marks are the property of PennyMac Loan Services, LLC and/or its subsidiaries or affiliates. Arizona Mortgage Banker License #0911088. Licensed by the Department of Business Oversight under the California Residential Mortgage Lending Act. Colorado: Regulated by the Division of Real Estate. Colorado office: 700 17th St., Suite 200, Denver, CO 80202, (866) 436-4766. Georgia Residential Mortgage Licensee #33027. Illinois Residential Mortgage Licensee #MB.6760595. Massachusetts Mortgage Lender License #ML35953. Minnesota: This is not an offer to enter into an agreement and an offer may only be made pursuant to Minn. Stat. §47.206 (3) & (4). Licensed by the N.J. Department of Banking and Insurance. North Carolina Permit No. 104753, 112228, 112874, 112877. Rhode Island Lender License #20092600LL. Washington Consumer Loan License #CL-35953. For more information, please visit www.pennymacusa.com/state-licenses. Loans not available in New York. Some products may not be available in all states. Information, rates and pricing are subject to change without prior notice at the sole discretion of PennyMac Loan Services, LLC. All loan programs subject to borrowers meeting appropriate underwriting conditions. This is not a commitment to lend. Other restrictions apply. All rights reserved. (05-2018)

# PAYMENT LETTER TO BORROWER

FROM: PENNYMAC LOAN SERVICES LLC
6101 CONDOR DRIVE
MOORPARK, CALIFORNIA 93021

RE: Loan Number: 8-4614568
Property Address: 39 NORTHPARK DRIVE, LEVITTOWN, PENNSYLVANIA 19054

TO: MICHAEL SALAT
39 NORTHPARK DRIVE
LEVITTOWN, PENNSYLVANIA
19054

Dear Borrower:

The monthly payments on the above referred to loan are to begin on NOVEMBER 1, 2020 , and will continue monthly until OCTOBER 1, 2050 .

Your monthly payment will consist of the following:

| | |
|---|---|
| **PRINCIPAL AND INTEREST** | $ 1,314.45 |
| **MMI/PMI INSURANCE** | |
| **ESCROW FOR TAXES** | 392.71 |
| **ESCROW FOR INSURANCE** | 113.45 |
| **ESCROW FOR FLOOD INSURANCE** | 0.00 |
| Earthquake Homeowners | 0.00 |
| Mortgage Insurance | 0.00 |
| **TOTAL MONTHLY PAYMENTS** | $ 1,820.61 |

You are to make your payments to:
PENNYMAC LOAN SERVICES LLC
6101 CONDOR DRIVE
MOORPARK, CALIFORNIA 93021

Any correspondence, or calls, in reference to your loan, please refer to the above loan number.

Copy received and acknowledged.

MICHAEL SALAT Date

This Instrument Prepared By:

After Recording Return To:
PENNYMAC LOAN SERVICES LLC
6101 CONDOR DRIVE
MOORPARK, CALIFORNIA 93021
Loan Number: 8-4614568

Uniform Parcel Identifier Number:
13-027-428

Property Address:
39 NORTHPARK DRIVE
LEVITTOWN, PENNSYLVANIA 19054

[Space Above This Line For Recording Data]

# LOAN MODIFICATION AGREEMENT
## (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 23rd day of SEPTEMBER, 2020, between MICHAEL SALAT ("Borrower") and PENNYMAC LOAN SERVICES LLC ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated NOVEMBER 13, 2015 and recorded in Book or Liber , at page(s) , of the Records of OFFICIAL [Name of Records] BUCKS/PENNSYLVANIA [County and State, or other Jurisdiction] and (2) the Note, bearing the same

date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

39 NORTHPARK DRIVE, LEVITTOWN, PENNSYLVANIA 19054 ,
[Property Address]

the real property described being set forth as follows:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 13-027-428

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of SEPTEMBER 23, 2020 , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $288,225.05 , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 3.625 %, from OCTOBER 1, 2020 . Borrower promises to make monthly payments of principal and interest of U.S. $ 1,314.45 , beginning on the 1st day of NOVEMBER , 2020 , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 3.625 % will remain in effect until principal and interest are paid in full. If on OCTOBER 1, 2050 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled

against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

(g) ☐ *[Check box if the security property is an investment property or a 2-4 unit principal residence:]*

Borrower hereby absolutely and unconditionally assigns and transfers to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon this assignment, Lender shall have the right to modify, extend or

terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold estate.

Borrower hereby absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default under this Agreement, pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9 of the Security Instrument.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

☐ *[Check box if the borrower previously received a Chapter 7 bankruptcy discharge but did not reaffirm the mortgage debt under applicable law:]*

. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

☐ *[Check box if the lender previously waived the borrower's obligation to maintain an escrow account for the payment of escrow items:]*

. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

PENNYMAC LOAN SERVICES LLC

_______________________________ (Seal)
-Lender

By: _______________________________

_______________________________
Date of Lender's Signature

_______________________________ (Seal)
MICHAEL SALAT -Borrower

[Space Below This Line For Acknowledgments]

## LENDER ACKNOWLEDGMENT

State of PENNSYLVANIA

County of BUCKS

On this the ______ day of ______________________________,
before me, ______________________________,
the undersigned officer, personally appeared ______________________________
______________________________,
who acknowledged himself to be the ______________________________
of PENNYMAC LOAN SERVICES LLC,
a corporation, and that he, as such ______________________________,
being authorized so to do, executed the foregoing instrument for the purposes therein contained,
by signing the name of the corporation by himself as ______________________________.

In witness whereof, I hereunto set my hand and official seal.

______________________________

______________________________
Title of Officer

(Seal)

**BORROWER ACKNOWLEDGMENT**

State of PENNSYLVANIA

County of ____________________

On this the ______ day of ______________________, before me, ______________

______________________________________________________________________,

the undersigned officer, personally appeared MICHAEL SALAT

______________________________________________________________________

______________________________________________________________________,

known to me (or satisfactorily proven) to be the person whose name ____________

______________________________________________________________________

subscribed to the within instrument and acknowledged that ______________________

______________________________________________________________________

executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

______________________________

______________________________
Title of Officer

(Seal)

**Certificate of Residence of Mortgagee**

The undersigned hereby certifies that: (i) he/she is the Mortgagee or the duly authorized attorney or agent of the Mortgagee named in the within instrument; and (ii) Mortgagee's precise residence is: 6101 CONDOR DRIVE, MOORPARK, CALIFORNIA 93021

Witness my hand this ______ day of ____________________.

______________________________
Signature of Mortgagee or
Mortgagee's Duly Authorized Attorney or Agent

______________________________
Type or Print Name of Mortgagee or
Mortgagee's Duly Authorized Attorney or Agent

Loan Number: 8-4614568

Date: SEPTEMBER 23, 2020

Property Address: 39 NORTHPARK DRIVE
LEVITTOWN, PENNSYLVANIA 19054

## EXHIBIT "A"

## LEGAL DESCRIPTION

A.P.N. # : 13-027-428

*(Space above reserved for Recorder of Security Instruments certification)*

Loan Number: 8-4614568

**Title of Document:** LOAN MODIFICATION AGREEMENT

**Date of Document:** SEPTEMBER 23, 2020

**Grantor(s):** MICHAEL SALAT

**Grantor(s) Mailing Address:** 39 NORTHPARK DRIVE, LEVITTOWN, PENNSYLVANIA 19054

**Grantee(s):** PENNYMAC LOAN SERVICES LLC

**Grantee(s) Mailing Address:** 6101 CONDOR DRIVE, MOORPARK, CALIFORNIA 93021

**Legal Description:**
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 13-027-428

Prepared by: Wendy Powers (866)695-4122 Ext 2892.
PennyMac Loan Services LLC (866)545-9070
Address: 6101 Condor Drive
Moorpark, CA 93021

**Reference Book and Page(s):** , Instrument Number: 2015071626, Recording Date: 11/18/2015

*(If there is not sufficient space on this page for the information required, state the page reference where it is contained within the document.)*



DocMagic eForms
www.docmagic.com

Exhibit A

ALL THAT CERTAIN lot or piece of ground situate in the Township of Falls, County of Bucks and Commonwealth of Pennsylvania described according to the Subdivision Map of "North Park" Levittown Section 31 made by C.A. Monroe, Professional Engineer and Land Surveyor dated April 1953 and recorded in the Office of the Recorder of Deeds in and for the County of Bucks at Doylestown, PA in Plan Book 6 Page 39 as follows, to wit:

BEGINNING at a point of intersection of the Southeasterly side of North Park Drive (58 feet wide) and the Southwesterly side of Newberry Lane (50 feet wide); thence extending from the point of beginning and along the 2 following courses and distances along the Southwesterly side of Newberry Lane: (1) South 18 degrees 45 minutes 05 seconds East 35 feet to a point and (2) Southeastwardly along the arc of a circle curving to the right having a radius of 300 feet and the arc distance of 65.52 feet to a point; thence extending South 71 degrees 14 minutes 54 seconds West 103.72 feet to a point; thence extending North 18 degrees 45 minutes 06 seconds West 100 feet to a point on the Southeasterly side of North Park Drive; thence extending North 71 degrees 14 minutes 54 seconds East along the Southeasterly side of North Park Drive 110.85 feet to the first mentioned point and place of beginning.

BEING Lot No. 141R as shown on the above mentioned Plan.

BEING County Parcel #13-027-428.

BEING known as 39 North Park, Drive

PennyMac℠

P.O. Box 514387
Los Angeles, CA 90051-4387

**Notice Date:** September 23, 2020

**Loan Number:** 8004614568

## LOAN MODIFICATION ITEMIZATION

| | | |
|---|---|---|
| **Current Unpaid Principal Balance** | | **283040.52** |
| **Total Principal Reduction** | - | **0.00** |
| Principal Deferred | | [1] |
| Principal Forgiveness | | [2] |
| Principal Write Down | | [2] |
| Partial Claim | | [3] |
| **Total Amount Capitalized** [4] | + | **6952.31** |
| Delinquent Interest For Unpaid Mortgage Payments | | 4405.24 |
| Delinquent Escrow/Advances/Shortages | | 2547.07 |
| Foreclosure Attorney Fees & Costs | | 0.00 |
| Bankruptcy Attorney Fees & Costs | | 0.00 |
| Property Inspection Fees | | |
| HOA Fees | | |
| Short Payment Advance Fees | | |
| Other | | 0.00 |
| **Total Amount of Credits** | - | **1767.78** |
| Partial Payment Credit | | 1767.78[5] |
| **Modified Unpaid Principal Balance** | | **288225.05** |

***Disclosures:***

[1] *Principal Deferred: This means a portion of your principal balance that will no longer be due and owing until your loan matures or is refinanced or paid off. This amount will not accrue interest.*

[2] *Principal Forgiveness or Principal Write Down: This means a portion of your principal balance that you will no longer be responsible for paying. Principal may be immediately forgiven or may be forgiven after being deferred and after your modified loan payments have been timely made for an agreed-upon period of time.*

[3] *Partial Claim: This means a portion of your principal balance that will no longer be due and owing until your loan matures or is refinanced or paid off. This amount will not accrue interest. Partial Claim may include an amount needed to cover arrears in loan payments, legal fees and costs associated with a cancelled foreclosure, and potentially any additional amount for principal deferment.*

[4] *Total Amount Capitalized: This means amounts that were due and owing at the time of your loan modification that are being added to your unpaid principal balance as part of your modification to bring your loan to current status.*

[5] *Partial Payment Credit: These are trial plan payment amounts or other partial payments that have been credited to your account but were insufficient to constitute a regular monthly payment prior to your loan modification.*